## TOWN OF BURLINGTON *vs.* TOWN OF BEDFORD.

Middlesex. November 3, 1993. - February 24, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Standing. *Eminent Domain*, Right to damages, Validity of taking. *Municipal Corporations*, Property.

A plaintiff town had no standing to challenge an adjacent town's exercise of the power of eminent domain pursuant to G. L. c. 40, § 8C, where the plaintiff alleged no duty owed to it by the town that made the taking; the plaintiff's claims were correctly dismissed. [164-165]

A claim by a town, that a neighboring town's taking of land for conservation purposes pursuant to G. L. c. 40, § 8C, along the plaintiff's adjacent border deprived the plaintiff's land of all potential future access to any public ways, stated no "special and peculiar" injury so as to be compensable under G. L. c. 79, § 12; summary judgment was correctly granted for the defendant. [165-167]

CIVIL ACTION commenced in the Superior Court Department on September 15, 1989.

The case was heard by *George A. O'Toole, Jr.*, J., on motions to dismiss and for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*George A. McLaughlin, Jr.* (*Theodore E. Daiber* with him) for the plaintiff.

*Joseph Halpern* for the defendant.

*Scott Harshbarger*, Attorney General, *Stuart T. Rossman & Catherine C. Ziehl*, Assistant Attorneys General, for the Commonwealth, amicus curiae, submitted a brief.

ABRAMS, J. At issue is whether the loss of a "reasonably probable" future access to a public way is compensable

under G. L. c. 79, § 12 (1992 ed.).[1] The plaintiff, the town of Burlington, appeals from a judgment dismissing counts II through V of Burlington's complaint, and entry of a summary judgment in favor of the defendant, the town of Bedford,[2] on count I. Burlington filed a complaint in the Superior Court after Bedford took, by eminent domain, land adjacent to property owned by Burlington (Burlington parcel). Burlington's complaint alleged that Bedford's taking deprived it of all potential access to public ways. Burlington sought damages resulting from "special and peculiar" injuries to the Burlington parcel. Bedford moved for summary judgment, which was denied by a judge in the Superior Court. Burlington then amended its complaint to include four additional counts, in an effort to set aside the Bedford taking as unlawful.[3]

A second judge in the Superior Court dismissed the newly added counts II through V for lack of standing. Bedford then renewed its motion for summary judgment on Burlington's remaining claim for damages. The second judge allowed Bedford's renewed motion for summary judgment. Burlington appealed. We allowed Burlington's application for direct appellate review, and now affirm.

---

[1]The first two sentences of G. L. c. 79, § 12 (1992 ed.), provide, in relevant part: "The damages for property taken under this chapter shall be fixed at the value thereof before the recording of the order of taking, and in case only part of a parcel of land is taken there shall be included damages for all injury to the part not taken caused by the taking . . . . In determining the damages to a parcel of land injured when no part of it has been taken, regard shall be had only to such injury as is special and peculiar to such parcel . . . ."

[2]The Attorney General filed an amicus brief on behalf of Bedford.

[3]Count II alleges that Bedford's purported taking was in bad faith and not for a proper public purpose. Count III alleges that Bedford exceeded its authority because the taking was in violation of the limited purposes for takings under G. L. c. 40, § 8C (1992 ed.). Count IV alleges that Bedford's taking was legally defective because there had been no written request from the conservation commission as required by G. L. c. 40, § 8C. Last, count V alleges that Bedford's actions in taking the parcel were arbitrary and capricious.

*Facts.* Burlington owns approximately 247 acres of land in the southwest corner of Burlington. The property is inaccessible on three sides. Two sides are bounded, by limited access roads, and one is bounded by a strip of land taken by the town of Lexington for conservation purposes. The fourth side, the northern border, lies along the border between the towns of Burlington and Bedford. At all pertinent times, the only potential source of access to the Burlington parcel was along its northern border with Bedford. A plan of the property appears as an appendix to this opinion.

The previous owners of the Burlington parcel were three developers. Burlington, concerned about the prospective development, voted on September 23, 1985, to take the property for the purposes of "preserving open space and protection of the Town's Water Resource District and Aquifer." During the months following the vote but prior to the order of taking in July, 1986, the developers acquired several parcels of land in Bedford which had allowed access from the Burlington parcel to public ways in Bedford. Burlington could not acquire these access routes, which were outside its borders, by eminent domain. It is undisputed that, at the time of the Bedford taking, there was no existing access to public ways. Nor, however, was there any apparent obstacle to Burlington's obtaining access. Burlington submitted an affidavit from one of the developers stating that at the time of the Bedford taking, he would have been willing to sell the land creating the access road to Burlington.

In April, 1986, Bedford voted to acquire, under the authority of G. L. c. 40, § 8C (1992 ed.), and "for conservation purposes," a strip of land approximately fifty feet wide along the border of the Burlington parcel. Bedford recorded its order of taking in November, 1986, three months after Burlington had recorded its order of taking for the Burlington parcel. As a result, Burlington's land has no access to a public way.

Bedford maintains that the possibility of Burlington's gaining access to public ways is not completely foreclosed. Bedford has a conservation easement on most parts of the Bed-

ford parcel. However, on certain lots where no homes were located, Bedford took the property in fee simple, without an easement. Therefore, Bedford contends that the taking does not prohibit Burlington from negotiating access through these remaining lots.

*Standing.* We first address the issue whether Burlington had standing to challenge the validity of Bedford's exercise of eminent domain under G. L. c. 40, § 8C.[4] Only persons who have themselves suffered, or who are in danger of suffering, a legal harm can compel the courts to pass upon the validity of the acts of another branch of government. *Pratt* v. *Boston*, 396 Mass. 37, 42 (1985). Because there is no general equity jurisdiction to review the validity of municipal acts, Burlington must show a statutory basis for standing. *Id.*

General Laws c. 40, § 8C, contains no specific authority for suits to challenge the validity of acts under it. Burlington does not allege any other statutory basis for its standing to challenge Bedford's taking. Nor has Burlington cited any case law to support its position. Instead, Burlington seeks to derive standing from its alleged right to recover for special and peculiar damages under G. L. c. 79. Burlington seeks to create standing to challenge the taking based on its claim that it has standing to sue for damages. The questions are distinct, and standing for one does not arise automatically from the other.

"A party has standing when it can allege any injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred." *Benevolent & Protective Order of Elks, Lodge No. 65* v. *Planning Bd. of Lawrence*, 403 Mass. 531, 545 (1988), quoting *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 293 (1977). "An injury alone is not enough; a plaintiff must allege a breach of duty owed to it by the public defendant." *Northbridge* v. *Natick*, 394 Mass. 70,

---

[4]General Laws c. 40, § 8C, provides, in relevant part: "[A] city or town may, upon the written request of the [conservation] commission, take by eminent domain under [c. 79], the fee or any lesser interest in any land or waters located in such city or town . . . ."

75 (1985), citing *Penal Inst. Comm'r* v. *Commissioner of Correction*, 382 Mass. 527, 532 (1981).

Here, Burlington alleges no duty owed to it by Bedford. Burlington concedes that G. L. c. 40, § 8C, is a statute intended to allow towns to promote the development of natural resources within their own borders. The "area of concern" does not extend past Bedford's borders to include Burlington's interest in obtaining future access to a public way. The Superior Court judge correctly concluded that Burlington's interest was too "remote, speculative, and undefined." There was no error in dismissing counts II through V for lack of standing.

*Renewed motion for summary judgment.*[5] To prevail on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 808-809 (1991), quoting *Madsen* v. *Erwin*, 395 Mass. 715, 719 (1985).

There is no constitutional basis for recovery because the plaintiff's property was not actually taken, nor constructively taken. See *Cayon* v. *Chicopee*, 360 Mass. 606, 609 (1971); *Cann* v. *Commonwealth*, 353 Mass. 71, 74 (1967). However, the plaintiff may recover for damages to property that is not actually taken, if it can show it suffered "special and peculiar" injury under G. L. c. 79.

The plaintiff asserts that summary judgment is inappropriate because there are genuine issues of material fact, specifically, whether Bedford's taking was motivated by bad faith, and whether Burlington had a reasonable probability of obtaining future access. While the factual issues may be disputed, they are not material. As the Superior Court judge noted, Bedford's motivation may be relevant to the validity

---

[5]Burlington moved to strike Bedford's renewed motion for summary judgment, relying on Superior Court Rule 9D. Burlington does not claim error on this issue in its appeal. Therefore, pursuant to Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), the issue is deemed waived.

of the taking, but it is not relevant to whether the injuries allegedly suffered are "special and peculiar." Further, assuming that Burlington did have a "reasonable probability" of obtaining future access, we must still decide whether a mere probability of access is compensable as a matter of law.

The central question raised in the defendant's renewed motion for summary judgment is whether Burlington's alleged injuries fall into the class of compensable "special and peculiar" injuries contemplated by G. L. c. 79, § 12. Our decisions have defined "special and peculiar" injuries as unique injuries that differ from those "of the general public." *Tassinari* v. *Massachusetts Turnpike Auth.*, 347 Mass. 222, 225 (1964). We also characterized the injury as "palpable" and "direct," rather than "remote and consequential." *Wine* v. *Commonwealth*, 301 Mass. 451, 458 (1938). *Malone* v. *Commonwealth*, 378 Mass. 74, 79 (1979). At the time of the Bedford taking, Burlington had no existing right, unique to Burlington, that could have been impaired. The contingent, rather than actual, access upon which Burlington seeks to recover is unlike the injuries previously classified as "special and peculiar."

Burlington relies on *Salem Country Club, Inc.* v. *Peabody Redevelopment Auth.*, 21 Mass. App. Ct. 433 (1986), as support for its assertion that it has a compensable injury. Burlington's reliance is misplaced. In *Salem*, it was undisputed that there had been a compensable taking. In determining the proper measure of compensation, a Superior Court judge considered the potential uses of the land and the probability of surmounting development handicaps. In *Salem*, the developer already had a "relatively narrow access" which could be expanded by acquiring land along the existing access road. *Salem, supra* at 434. Further, the Department of Public Works had "detailed relocation plans, supported by completed environmental impact statements, which would substantially improve access to the locus." *Salem, supra* at 436. Salem's proof in that case was determined not to be unduly speculative or conjectural. Burlington's claim,

by contrast, with no existing access and no plans by the Commonwealth, is speculative and conjectural.

It is well settled that "any impairment or deprivation of access which an owner formerly had to a public way may so affect the value of the remainder of the land not taken as to be compensable in damages to be recovered under c. 79, § 12." *LaCroix* v. *Commonwealth*, 348 Mass. 652, 656 (1965). See *Betty Corp.* v. *Commonwealth*, 354 Mass. 312, 319 (1968); *Miczek* v. *Commonwealth*, 32 Mass. App. Ct. 105, 109 (1992). In all of the cases in which impairment of access was a compensable injury, the deprivation affected an already existing access. See, e.g., *Malone* v. *Commonwealth*, *supra* at 80 n.8; *Tassinari* v. *Massachusetts Turnpike Auth.*, *supra*; *Wine* v. *Commonwealth*, *supra* at 458. "Our decisions have not erred on the side of lenience to claimants in placing situations in the class of actionable deprivations of access." *Malone* v. *Commonwealth*, *supra* at 79. Compensation has been denied for injuries caused by the diversion of traffic, even if it results in a decline in the property's market value. *Id.* at 78. We never have held that a "reasonable probability" of a future interest is compensable under G. L. c. 79. There is no reason to now expand the class of interests compensable under G. L. c. 79, § 12.

Burlington did not have access to a public way before the Bedford taking. The probability of obtaining a route may be less likely now than when the property was owned by private developers. The decrease in likelihood, however, is not the kind of injury G. L. c. 79 was intended to compensate. The record does not support Burlington's claim that its injury was "special and peculiar" so as to fall within G. L. c. 79, § 12. The judgment of the Superior Court dismissing counts II through V, and entering summary judgment for Bedford on count I is affirmed.

*So ordered.*