Borenstein, J.
The plaintiff, Anthony Paolera, filed this action on September 28, 1995, seeking injunctive relief prohibiting the transfer of money seized from him, or, in the alternative, its immediate return. Additionally on this date, Mr. Paolera received a temporary ex parte injunction, ordering the defendants “not to transfer or release the $14,800.00 in U.S. currency seized from the plaintiff to any other party, and to hold the $14,800 in a safe depository.” On the morning of October 2, 1995, an Assistant District Attorney of the Hamden County District Attorney’s Office appeared in Hamden County Superior Court pertaining to this matter. Subsequent to the ex parte hearing, Massachusetts Superior Court Judge Mary Lou Rup, finding sufficient probable cause to seize the money as evidence of a violation of Massachusetts law, allowed “the Massachusetts State Police to retain custody of [the money] until such time as is consistent with the Commonwealth’s ability to complete the investigation surrounding the circumstances of the property’s association with criminal conduct,” said order was to remain in effect for 120 days.
On the afternoon of October 2, 1995, Middlesex Superior Court Judge Stephen Neel, on the plaintiffs request for injunctive relief, declined to overrule Judge Rup’s order. Judge Neel did not dismiss the plaintiffs complaint, but rather entered an interlocutory order mirroring Judge Rup’s order. Judge Neel further advised the plaintiff to pursue an appellate remedy, and continued the case for status until February 5, 1996.
On October 11, 1995, the plaintiff filed a petition with the Supreme Judicial Court, seeking extraordinary relief pursuant to G.L.c. 211, §3. On October 18, 1995, a hearing was held before a single justice (O’Connor,- J.) concerning this matter. Mr. Paolera’s request for relief was denied. Mr. Paolera then filed a petition in the Appeals Court pursuant to G.L.c. 231, § 118. After a hearing by a single justice of the Appeals Court (Smith, J.), the case was remanded to the Superior Court for further consideration. On February 26, 1996 the parties submitted a statement of agreed facts.
The defendants have moved for dismissal pursuant to Mass.R.Civ.P. 12 (b)(1) and Mass.R.Civ.P. 12(b)(6), arguing that this court lacks subject matter jurisdiction because the plaintiff lacks standing to maintain an action for injunctive relief. Mr. Paolera seeks in-junctive relief in the form of an order returning all monies seized from him by the Massachusetts State Police on September 23, 1995. For the reasons set forth below, the defendants’ motion to dismiss is DENIED, and the court hereby issues equitable relief.
BACKGROUND
On September 23, 1995, Anthony Paolera was stopped by the Massachusetts State Police subsequent to an investigation, using a wiretap and police surveillance. It is alleged that Mr. Paolera participated in the planning and execution of transferring a package which the state police believed to be a sum of money, connected to gambling activities. Relying on this information the state police stopped Mr. Paolera, traveling east on the Massachusetts Turnpike, near Springfield, Mass. Mr. Paolera’s car, including the trunk, and his person were searched. Nothing was seized from the car or trunk. Two bundles of money were, however, seized from his person; each bundle from a rear pocket of his pants, one containing $10,000.00 and the other containing $4,800.00. At the scene, Mr. Paolera reportedly told Sgt. Alben, that he was simply a courier and the money did not belong to him. Mr. Paolera was not placed under arrest, but the troopers did seize the money pending further investigation. They have held the sums since the initial seizure, and have not commenced criminal prosecution nor forfeiture proceedings.
DISCUSSION
The Superior court has original jurisdiction over all criminal actions and most civil actions, except'where jurisdiction is given exclusively to another court. G.L.c. 212, §§4, 6. Subject matter jurisdiction is an issue determined solely by the court. Furthermore, when evaluating the sufficiency of a complaint, pursuant to Mass.R.Civ.P. 12(b)(6), all allegations, and *663 inferences therefrom, within the complaint, in the plaintiffs favor, must be construed as true by the court. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited therein. A complaint is not subject to dismissal if it supports relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A plaintiffs burden to survive a motion for failure to state a claim is minimal and dismissals on the basis of pleadings, before facts have been found, are discouraged. Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987) (rescript).
The defendants assert that the plaintiff lacks standing to challenge the seizure because he has not suffered a legally cognizable injury, and consequently, this court lacks jurisdiction over the action. Moreover, the defendants argue that Mr. Paolera cannot employ the “automatic standing” rule, utilized by criminal defendants, because he has yet to be charged with a crime. Even though there has been neither criminal charges instituted against the plaintiff, nor civil forfeiture proceedings, this is not a categorical barrier which prevents the plaintiff from regaining property seized when, as in this case, the plaintiff has adequately stated a claim in equity in which he has a possessory interest in the property seized.
The defendants are correct that the general rule of standing in the commonwealth allows “(o]nly persons who have themselves suffered, or who are in danger of suffering, a legal harm [to] compel the courts to pass on the validity of the acts of another branch of government.” Burlington v. Bedford, 417 Mass. 165 (1994), citing Pratt v. Boston 396 Mass. 37, 42 (1985). This court does not agree, however, that the plaintiff has not suffered a legal harm. This court finds it difficult to imagine how the seizure by the government, of property to which one has a possessory interest, and the indefinite retention of that property without any redress for the possessor, is not a legal harm.
I find Mr. Paolera’s position analogous to the position of the criminal defendant in United States v. Jones, 362 U.S. 257 (1960), wherein the Court adopted the “automatic standing” rule. The Supreme Court, in Jones held that a defendant, charged with crimes where an essential element is possession of contraband, has standing to challenge the legality of the search, stating:
prosecutions like this one have a special problem. To establish “standing,” the Courts of Appeals have generally required that the movant claim either to have owned or possessed the seized property or to have had substantial possessoiy interest in the premises searched ... [A] defendant seeking to comply with what has been the conventional standing requirement has been forced to allege facts the proof of which would tend, if indeed not be sufficient, to convict him.
Jones, 362 U.S. at 261-62. The Court concluded that if standing were not conferred to such a defendant, the government would be able to convict a defendant of possession of contraband, yet not allow the defendant to challenge the search and seizure of the contraband. Without standing, a criminal defendant would be forced to either incriminate himself by admitting possession of the contraband or forego the opportunity to challenge the search. Although the United States Supreme Court subsequently abandoned the “automatic standing” rule, our Commonwealth explicitly chose to retain it in Commonwealth v. Amendola, 406 Mass. 592 (1990).
In Arriendóla, the Supreme Judicial Court stated that “the principal concerns of the Jones Court remain valid today.” Amendola, 406 Mass. at 600. “The .Commonwealth may not have it both ways.” Id. While it is true that Mr. Paolera is not yet a criminal defendant, the government seeks to retain the property seized on the grounds that he may be charged with a crime at an indefinite time in the future. Weighed against Jones, Mr. Paolera has been placed in greater jeopardy than the defendant at issue in that case. Mr. Paolera has not been notified of any charges which may or may not be exercised against him, nor has he been told that the government is seeking to have him forfeit his interests in the monies seized. In this court’s opinion, the defendant’s argument, that if and when Mr. Paolera is charged with a crime he has a remedy at law, i.e., a motion to suppress, is an inadequate remedy and abhorrent to the principals of the Fourth and Fourteenth Amendments of the United States Constitution, as well as Article 14 of the Massachusetts Declaration of Rights. No branch of government may evade due process and retain seized property indefinitely, contingent upon exercising their discretion in the future to charge a possible crime or begin forfeiture proceedings.
In this case, there is no exigency that would authorize the state police, or state government to indefinitely dispossess Mr. Paolera of his possessory interest in the monies in question; to do so is a violation of due process. This court, therefore, finds that the plaintiff has stated a sufficient claim to invoke equitable jurisdiction and to survive a motion to dismiss.[1]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(1) and Mass.R.Civ.P. 12(b)(6) be DENIED. It is further ORDERED that all monies seized from Mr. Paolera, by the Massachusetts State Police, be returned to him no later than August 16, 1996— unless the Commonwealth brings criminal charges against the plaintiff or forfeiture proceedings, thus necessitating the retention of the monies.

At this time, the court finds it unnecessary to reach the merits of Mr. Paolera’s claims concluding the reasonableness of the search.