Volterra, J.
This case arises out of an eminent domain taking (the taking) by the Nantucket County Commissioners. The plaintiffs own property bordering on Front Street and Broadway in Siasconset in the County of Nantucket. They claim that the defendant Nantucket County Commissioners, by an Order of Layout and Taking dated June 5, 1997, and recorded at the Nantucket County Registry of Deeds on or about June 6, 1997, have diminished the fair market value of their property. In the alternative, Plaintiff Soeder alleges that her property was damaged by the laying out of the Way as a public street, entitling her to compensation under G.L.c. 79, §9. The plaintiffs further claim that they have suffered consequential severance damages as the result of the taking. The parties submit that there are no genuine issues of material fact in dispute and are before the court on cross-motions for summary judgment. For the following reasons, partial summary judgment will enter for the plaintiff Soeder. However, the court finds that there are genuine issues of material fact with respect to the measure of and the amount of damages, which are in dispute.
BACKGROUND
The plaintiff, Ms. Soeder[3] owns property located at 13 Broadway, Siasconset, Nantucket, Massachusetts. Her property abuts the taking of a way lying between 11 and 13 Broadway, Siasconset (the Way). The Way, an area of approximately 433 square feet and approximately nine feet wide at its narrowest point, lies to the south of the plaintiffs property and fronts to the west on Broadway and to the east on Front Street. One other property, 11 Broadway, lies south of the Way. Exhibit B affixed to Affidavit of Michael S. Bachman, Professional Land Surveyor. The plaintiff claims that she has been injured as a result of the taking and seeks recovery of damages pursuant to G.L.c. 79, §1 et seq., the Eminent Domain Statute. In the alternative, the plaintiff alleges that her property was damaged by the laying out of the Way as a public street, entitling her to compensation under G.L.c. 79, §9 and G.L.c. 82, §24. In sum, the plaintiff alleges that, as a result of the taking, she has been deprived of valuable property rights and seeks damages for the diminution *605 in the fair market value of her property, as well as consequential “severance” damages.
The parties in their cross motions for summary judgment do not dispute the legality of the taking. The defendant County Commissioners, pursuant to G.L.c. 79 and G.L.c. 82, and upon consideration of a Citizens’ Petition (Exhibit A affixed to Defendant County Commissioners’ Trial Brief), gave notice and held a hearing to act on the following resolution reproduced in part:
To lay out and accept a public way from Broadway to Beach Street aka Middle Gulley Road, and to take the fee simple title to certain portions thereof by eminent domain ... as shown on a plan entitled “Plan of Taking for the Nantucket County Commissioners of Part of Front Street and a Way Between Front Street and Broadway in Nantucket (Siasconset), Massachusetts . . . common convenience and public necessity requiring the same; excluding however any interest of the Proprietors therein from such taking.
The land taken is described in a plan entitled “Plan of Taking for the Nantucket County Commissioners, dated January 1, 1996 by the Nantucket Surveyors, Inc.” (The Plan.) On June 5, 1996, the Commissioners decreed an Order of Layout and Taking of the Way. The Order of Layout and Taking Way between 11 and 13 Broadway and on Front Street, Siasconset provides in part:
The land shown on a plan entitled “Plan of Taking for the Nantucket County Commissioners of Part of Front Street and a Way Between Front Street and Broadway in Nantucket (Siaconset) [sic], Massachusetts . . . The Taking is in fee simple absolute, excluding, however any interest of the Proprietors of the Island of Nantucket therein. Any vegetation or improvements on the land above described are included in this Order of Taking.
Exhibit C affixed to Affidavit of Arthur L. Desrocher. The Order was duly recorded at the Nantucket County Registry of Deeds.
The Way is characterized as a “Proprietors’ Way.” From the earliest settlement on the Island, large tracts of land were held in common ownership by the Proprietors of the Common and Undivided Lands of the Island of Nantucket for the purpose of sheep grazing. Hardy v. Jaeckle, 371 Mass. 573, 576 (1976). “The ownership rights of the common land became fragmented by inheritance into hundreds if not thousands of owners, each of whom owned a very small fractional undivided interest in the land.” Id. In 1835, the residents of Siasconset, Nantucket, who held their land in common, decided to set off certain parcels of land as belonging to certain individuals and hold the remainder in common managed by the Proprietors. The 1835 Proprietors’ set-off map reads:
At a meeting of the Proprietors of the common and undivided land on Nantucket, held at the Town House, 23d 5 mo. 1835, Voted that the Map of the Village of Siasconset exhibited at this meeting by the Committee appointed for that purpose be accepted, & the Clerk is directed to lay it on file in his office, for the inspection of all concerned therein. Proprietors Records Book No. 2 Folio 205.
Exhibit A affixed to Affidavit of Michael S. Bachman, Professional Land Surveyor.
By virtue of the Island’s history regarding ownership rights in the common land and the use of the Way over the years, the defendants determined that the Way at issue in this case is in effect a public way. The plaintiff, conversely, alleges that the defendants’ conversion of the Way from private to public has resulted in diminution of the value of her properly. Because the Way is so narrow, the plaintiff states that when cars drive down the Way, they come within inches of her 247-year-old house causing substantial damage to its structural integrity and its contents. The engineer and a builder, whom the plaintiff hired to assess the cost of repairing damage to the sills and structural integrity of her house, have submitted quotes, which range from $75,000 to $500,000, depending on the extent of the damage to the sills. And the appraiser, whom she hired to assess the economic loss to the value of her property, reported that the difference between the value of her Property before and after the taking is $300,000. Consequently the plaintiff claims that the value of her property has diminished and further, the taking has negatively impacted her ability to obtain rentals, especially from people with children.
The plaintiff maintains that prior to the taking, few, if any, motor vehicles utilized the narrow, unpaved Way. Today, it has become unsafe for her to even open the back door of her house without checking for oncoming traffic. Further, the plaintiff states that she was forced to remove the rocks surrounding her gardens and demolish the raspberry patch adjacent to Middle Gulley Road. The Town also ordered the Department of Public works to remove some rocks from under an old fence at the front of her property, which later caused the plaintiffs antique fence to collapse. Of note, the plaintiff, in her Affidavit in Support of Motion for Partial Summary Judgment on Liability, states that “the assessed value of the property increased significantly in every year, going from $366,900 in 1997 to $706,300 in 1999.” Notwithstanding, as a result of the taking, the plaintiff contends that the value of her property has decreased by approximately $300,000 and she has suffered a variety of other consequential “severance” damages for which the Town should compensate her.
The defendants counter that the taking of the Way, which was in reality a public way, was necessary in order to provide for public convenience and necessity. They further claim that the plaintiff has not met her *606 burden to prove ownership of the property taken and contend that because no part of any parcel owned by the plaintiff was taken, no damages, special and peculiar or otherwise, are owed to the plaintiff.
DISCUSSION
The court grants summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). When a nonmoving party bears the burden of proof on an issue for which summary judgment is sought, that party must oppose the motion with admissible evidence on the issue in order to defeat the summary judgment motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court finds that there are genuine issues of material fact for trial in this case, thus, based upon the following, the defendant’s motion for summary judgment is denied, and the plaintiffs motion for summary judgment is allowed with the exception of the disputed issues of material fact: the measure of and the amount of damages to which the plaintiff is entitled.
The sole issue in this case is whether, as a matter of law, the plaintiff is entitled to recover damages for diminution in the value of her land and/or special and peculiar damages as a result of the taking. Land title problems specific to the Island of Nantucket have been chronicled over the past three centuries. Hardy v. Jaeckle, 371 Mass. 573, 576 (1976). From the earliest settlement of the Island, large tracts of land were held in common ownership by what was termed Proprietors. Id. The Proprietors were the “original body of land owners, holding as tenants in common and incorporated for purposes of management and division of the common lands.” Nantucket v. Mitchell, 271 Mass. 62, 66 (1930). “Such proprietors of common and undivided lands are a quasi corporation or body politic.” Coffin v. Lawrence, 143 Mass. 110, 112 (1886). The ownership rights in the common land became so fragmented by inheritance over the last three centuries that today there is likely thousands who own an infinitesimal undivided interest in the land. Hardy, 371 Mass. at 576.
The County Commissioners reasonably took the Way at issue here by eminent domain for the public good and convenience. There are persuasive considerations of public policy, rooted in the necessity for safe access to all areas of a municipality, and practical considerations, which militate against requiring the County Commissioners to determine the ownership of land which has essentially been open to the public for decades, possibly even for centuries. See id. at 582 (referring to public policy, rooted in the fiscal needs of municipalities and the necessity for good and reliable record titles to real estate, which militates against requiring assessors to determine ownership of land from information outside the appropriate public records). Thus, although there may be thousands who own an infinitesimal portion of the land taken here, the plaintiff has not shown, as is her burden, that she held title to the land that was taken at the time of the taking. See Iris v. Hingham, 303 Mass. 401, 404 (1939) (burden was on the plaintiff to prove that she was the owner of the property that was taken by the town).
Therefore, the plaintiff has no constitutional basis for recovery because the plaintiffs property was not actually taken or constructively taken. Burlington v. Bedford, 417 Mass. 161, 165 (1994) citing Cayon v. Chicopee, 360 Mass. 606, 609 (1971); Cann v. Commonwealth, 353 Mass. 71, 74 (1967). “The Legislature, however, is not limited in providing compensation to damages which the landowner is entitled to receive as a matter of constitutional right but may extend compensation to instances where an exercise of eminent domain would result in a real hardship to one whose property has been damaged or injured if he were deprived of compensation.” Nichols v. Commonwealth, 331 Mass. 581, 585 (1954), quoting United States Gypsum Co. v. Mystic River Bridge Authority, 329 Mass. 130, 137 (1952). Accordingly, under G.L.c. 79, §12, “damages are not limited to those caused by the taking but extend to those caused by the public improvement for which the taking is made.” Id. at 560. Notwithstanding the absence of a formal taking of her property, the plaintiff may thus be entitled to recover damages in accordance with G.L.c. 79, §12.
The Supreme Judicial Court has determined that
damages for property taken under c. 79 or under c. 81, §7C, or resulting from the public improvement for which the taking is made, shall be fixed in the following instances: (1) when an owner’s entire parcel is taken; (2) when there is only a partial taking; and (3) when no part of an owner’s land is taken ... In the third instance only such damage as is “special and peculiar” to an owner’s land is to be awarded.
Nichols, 331 Mass. at 584 (emphasis added). The defendants correctly point out that the right to recover damages for injury to land not taken is not given expressly or by necessary implication in G.L.c. 79. Sullivan v. Commonwealth, 335 Mass. 619, 623 (1957) (holding there was no express provision for damage to a house, located on land not taken, caused by repeated, necessary, nonnegligent blasting during the construction of an aqueduct for the Commonwealth). However, “[tjhere is express general statutory provision for recovery of damages for injury to land not taken in the many cases arising in connection with the construction of public ways.” Id. at 625 n.2 (referencing G.L.c. 81, §7 (State Highways); and c. 82, §7 (highways), §24 (town ways and private ways)). Thus by G.L.c. 82, §24, “[a]ny person sustaining damage in his property by the laying out, alteration or relocation of a town way or private way shall be entitled to recover the same under said chapter 79,” which provides in §12 that “[i]n determining the damages to a parcel of land injured when no part of it has been taken, regard *607 shall be had only to such injury as is special and peculiar to such parcel.”
The question then becomes whether the plaintiffs alleged injuries fall into the class of compensable “special and peculiar” injuries contemplated by G.L.c. 79, §12. Burlington, 417 Mass. at 166. “Special and peculiar” injuries are defined as unique injuries that differ from those “of the general public.” Burlington, 417 Mass. at 166, quoting Tassinari v. Massachusetts Turnpike Authority, 347 Mass. 222, 225 (1964). The injury has also been characterized as “palpable” and “direct,” rather than “remote and consequential.” Burlington, 417 Mass. at 166, quoting Wine v. Commonwealth, 301 Mass. 451, 458 (1938); Malone v. Commonwealth, 378 Mass. 74, 79 (1979).
The plaintiff claims that prior to the taking, the narrow unpaved Way was used predominantly by pedestrians. After the taking, traffic increased dramatically. As a result, it has become unsafe for children to play on the Way and has even become unsafe for the plaintiff to open her back door. Further, when cars drive down the Way, they come within inches of the plaintiffs house causing structural damage to her 247-year-old house and its contents. She claims that the quotes for the cost of repairing damage to the sills and structural integrity of the house have ranged from $75,000 to $500,000. And according to the appraiser the plaintiff hired, the economic loss to the value of her property before and after the taking is $300,000. In conclusion, the plaintiff maintains that the Way has negatively affected the resale value of her property and the ability to obtain rentals, especially from people with children.
As noted, G.L.c. 79, §12 requires that the injury be “special and peculiar to the affected parcel” when no part of the parcel has been taken. Harte v. Town of Dartmouth, 45 Mass.App.Ct. 779, n.3 (1998). I find that the plaintiff in the instant case has demonstrated that she has suffered “special and peculiar” injury within the meaning of the statute. The plaintiff has offered evidence of unique injuries that differ from those “of the general public” and are “palpable” and “direct,” rather than “remote and consequential.” Burlington, 417 Mass at 166. As a result, the plaintiffs injuries constitute “ ‘such injury as is special and peculiar’ to land not condemned, for which recovery can be had in accordance with the second sentence of G.L.c. 79, §12.” Compare, Onorato Brothers, Inc. v. Massachusetts Turnpike Authority, 336 Mass. 54, 59 (1957) (holding evidence offered too indefinite, conjectural, and general to constitute special and peculiar injury for which recovery can be had in accordance with G.L.c. 79, §12). Although the plaintiff acknowledges that the assessed value of the property has substantially increased, going from $366,900 in 1997 to $706,300 in 1999, this does not prove that the value of her property has not been diminished by the taking.
In sum, the record is sufficient to show that the plaintiff has suffered injury compensable under the statute. See Burlington, 417 Mass. at 166. However, I find that the measure of her damages and amount to which the plaintiff is entitled are genuine issues of material fact, which are in dispute.
ORDER
It is therefore ORDERED that the defendants’ motion for summary judgment is DENIED, and partial summary judgment is entered for the plaintiff with the exception of the measure of and the amount of damages.

 Because the Plaintiffs Memorandum in Support of Motion for Partial Summary Judgment on Liability refers only to Ms. Soeder, this decision will refer to plaintiff (singular).