LYNN INSTITUTION FOR SAVINGS *vs.* AGNES C. TAFF & another, trustees.

Suffolk.    January 4, 1943. — July 1, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Equity Jurisdiction,* Foreclosure of mortgage. *Land Court,* Jurisdiction, Foreclosure of mortgage. *Equity Pleading and Practice,* Counterclaim, Parties. *Soldiers' and Sailors' Civil Relief Act. Military Law. Mortgage,* Of real estate: foreclosure. *Trust,* Representation of beneficiary by trustee, Real estate trust.

The equity courts of the Commonwealth, including the Land Court under G. L. (Ter. Ed.) c. 185, § 1 (k), as amended by St. 1934, c. 67, have general jurisdiction to foreclose power of sale mortgages of real estate by reason of the existence of the Federal soldiers' and sailors' civil relief act of 1940, irrespective of St. 1941, c. 25; and such jurisdiction is not confined to a mere determination whether interested persons are in the military service.

In a suit in equity in the Land Court, brought by reason of the existence of the Federal soldiers' and sailors' civil relief act of 1940, for authority to foreclose a power of sale mortgage of real estate purporting to cover also certain kinds of personal property, the court, under Rule 6 of the Land Court and Rule 32 of the Superior Court, had jurisdiction to adjudicate a counterclaim by the owner of the equity of redemption alleging that certain articles of personal property were not subject to the mortgage and praying that any decree authorizing the foreclosure should provide for the exclusion of such articles therefrom.

The trustees of a real estate trust represented the interests of the shareholders in a suit in equity brought by a mortgagee of land of the trust, in which the plaintiff, by reason of the existence of the Federal soldiers' and sailors' civil relief act of 1940, sought authority to foreclose the mortgage and the trustees by counterclaim sought an adjudication that certain property was not subject to the mortgage, and appropriate relief.

A court of equity might exercise the general jurisdiction which it had over the foreclosure of a power of sale mortgage by reason of the existence of the Federal soldiers' and sailors' civil relief act of 1940, although it did not appear whether or not there were persons interested who were in the military service.

BILL IN EQUITY, filed in the Land Court on April 22, 1942.

The case was heard by *Courtney,* J.

*P. B. Buzzell*, for the defendants.

*J. L. Hannan*, for the plaintiff.

DOLAN, J.    This is a bill in equity brought in the Land Court for authority to foreclose a mortgage of certain real estate in accordance with the power of sale contained therein. The defendant trustees (hereinafter referred to as the trustees) are the record owners of the equity of redemption.

The plaintiff alleges that it is about to exercise the power of sale, and does not know whether any person who would be adversely affected thereby is in the military service of the United States within the meaning and scope of the soldiers' and sailors' civil relief act of 1940, U. S. C. Title 50, § 532, and prays that an order issue authorizing the sale. The trustees answering do not expressly allege that they are in the military service, disclaim any knowledge with relation to whether any one interested in the equity of redemption is in that service, and allege that there are certain articles of personal property in the mortgaged premises that are not attached to the realty nor included in the mortgage, which were installed by the trustees after the date of the plaintiff's mortgage and upon which the plaintiff has no lien under the mortgage, and that the plaintiff "since taking possession of said premises under its mortgage has refused to allow these defendants to remove said articles from the premises." The answer of the trustees contains a prayer that "in any decree of foreclosure or other decree which may be entered herein it may be expressly provided and stipulated that the articles . . . [in question] shall not be included in any foreclosure or foreclosure sale, and that the same are not subject to the lien of the plaintiff's mortgage." Lists of the articles, consisting of refrigerators, stoves and certain furniture, are contained in schedules annexed to the trustees' answer.

On motion of the plaintiff the bill was taken as confessed against the defendant Mary E. MacDonough, the mortgagor of record, and Agnes C. Taff, individually, for failure to appear. The plaintiff filed a motion to strike out the answer of the trustees on the ground that it was not responsive to any issue presented by the bill of complaint, and the judge entered an interlocutory decree allowing the motion and

ordering that the trustees' answer be struck from the record. In a separate order allowing the motion the judge recited that the trustees "do not allege in their answer that they are in the military service within the provisions of the Soldier's & Sailor's Civil Relief Act of 1940." Thereafter the judge entered a final decree authorizing the plaintiff to sell the property "covered by the mortgage" in question, "without the intervention of a commissioner or special master in accordance with the powers contained in said mortgage and without any further notice than that required by the terms of said mortgage, and the statutes of . . . [the] Commonwealth." The trustees appealed from these decrees.

. In support of the interlocutory decree striking out the trustees' answer, the plaintiff argues that St. 1941, c. 25, confers only the limited jurisdiction to determine whether any persons interested in the mortgaged premises are in the military service of the United States under the soldiers' and sailors' civil relief act of 1940, and not jurisdiction under the general principles of equity jurisprudence of the matters alleged in the trustees' answer, and further, that even if the Land Court has general equity jurisdiction of the subject matter, nevertheless the allegations of the trustees' answer are not within the scope of the bill and, therefore, do not fall within the principle set forth in *Perry* v. *Pye*, 215 Mass. 403, 413; *Baker* v. *Langley*, 247 Mass. 127, 132, that a court of equity having acquired jurisdiction for one purpose will retain it for any purpose within the scope of the bill.

The answer of the trustees sets up a counterclaim and, unless the jurisdiction of the Land Court is limited, as argued by the plaintiff, to the determination of the sole question whether "any persons interested are in the military service," the counterclaim must be dealt with as such under Rule 6 of the Land Court (1935), incorporating by reference the rules of the Superior Court, to which reference will be made hereinafter.

Apart from the question whether ordinarily there is jurisdiction in equity in this Commonwealth to entertain suits for foreclosure of power of sale mortgages, it is fully settled that jurisdiction in equity does exist to entertain such suits

where special facts call for equitable relief. *Old Colony Trust Co.* v. *Great White Spirit Company,* 178 Mass. 92, 94, 95. *Hoffman* v. *Charlestown Five Cents Savings Bank,* 231 Mass. 324, 329. *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559, 561. And in the last two cases just cited it was specifically held that the existence of the soldiers' and sailors' civil relief act of 1918 (U. S. St. 1918, c. 20, § 302 [3]) was a special circumstance which was sufficient to give the equity courts of the Commonwealth jurisdiction to foreclose power of sale mortgages within the time specified in the act. The provisions of U. S. C. Title 50, § 532 (3), the soldiers' and sailors' civil relief act of 1940, are as follows: "No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court." This section is identical with § 302 (3) of the soldiers' and sailors' civil relief act of 1918, which was construed in the decisions of this court to which we have just referred. It follows that the existence of the soldiers' and sailors' civil relief act of 1940 is a special circumstance which is sufficient to give the equity courts of the Commonwealth jurisdiction to foreclose power of sale mortgages within the time specified in the act.

General Laws (Ter. Ed.) c. 185, § 1 (k) as amended by St. 1934, c. 67, confers jurisdiction upon the Land Court of "All cases and matters of equity cognizable under the general principles of equity jurisprudence where any right, title or interest in land is involved, except suits in equity for specific performance of contracts." Thus the Land Court is one of the equity courts of the Commonwealth with respect to the jurisdiction conferred by § 1 (k). Rule 6 of the Land Court provides that so far as practicable the rules of the Superior Court shall govern its procedure. Rule 32 of the Superior Court (1932) provides in part as follows: "The answer, without cross bill, must set up any counterclaim, against any one or more of the parties, arising

out of the transaction which is the subject matter of the suit, which might be the subject of an independent suit in equity. The answer may set up (a) any counterclaim of a legal nature, against any one or more of the parties, arising out of such transaction, or (b) any counterclaim against the plaintiff alone, not arising out of such transaction, which might be the subject of an independent suit in equity. Such counterclaim shall have the same effect as a cross bill, so as to enable the court to enter a final decree in the same suit on both the original and cross claims. No cross bill shall be filed." It follows that in the present proceeding in equity the Land Court has authority to adjudicate the trustees' counterclaim, even though it concerns the title to certain personal property, since the mortgage in question includes within its terms not only the real estate itself, but articles of personal property of the character of those of which the trustees now claim ownership free from the mortgage lien, and which they seek to have excluded from the proposed foreclosure sale, and with respect to which an independent suit in equity would lie to enjoin the plaintiff from selling them at foreclosure sale if, in fact, they are not subject to the mortgage lien.

The trustees are described in the bill as the "Trustees of the One Hundred Beacon Street Trust under declaration of trust dated June 20, 1927, and recorded with Suffolk Deeds, Book 4912, page 509." They appeared and answered in that capacity. They represent the interest of the shareholders whether their interests are legal or equitable, and it is the duty of the trustees to represent them and act in their interest. *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559, 562. The record does not disclose who the shareholders are or whether any of them are in the military service. Whoever they may be, the trustees, having been cited to show cause why the plaintiff's bill should not be allowed, were entitled to be heard in behalf of the shareholders and to have determined the specific property which was subject to the power of sale contained in the mortgage. It is well settled that a court of equity, having "acquired jurisdiction of a subject-matter in controversy between

parties, will, as far as possible, settle all questions in litigation touching it, and do complete justice to all parties, so that there may be an end of controversy." *Richards* v. *Todd*, 127 Mass. 167, 170. The issue raised by the trustees' answer in counterclaim obviously touches the subject matter of the litigation in which the plaintiff sought and obtained by the final decree authority to exercise the power of sale in the mortgage, which included not only the real estate involved but articles of personal property on the premises at the time that the mortgage was executed, and also such similar articles thereafter placed thereon prior to the full payment and discharge of the mortgage.

We do not concur in the contentions of the plaintiff that in this proceeding the only question presented under St. 1941, c. 25, is "whether any persons interested are in the military service of the United States, and, if so, what protection should be extended to them," and "that the only answer contemplated by . . . [St. 1941, c. 25] is one predicated upon the fact that the defendants are entitled to the benefits of the soldiers' and sailors' civil relief act by reason of military service." Statute 1941, c. 25, conferred no jurisdiction of the subject matter upon the courts of equity of the Commonwealth that they did not already possess by virtue of the special circumstance of the soldiers' and sailors' civil relief act of 1940. Statute 1941, c. 25, § 1, relates solely to forms of notice, to the recording of copies thereof, to the manner of service, and kindred matters in "any proceeding in equity, for authority to exercise a power of sale contained in a mortgage of real estate, brought because of an Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, or any amendments thereto hereafter," thus properly recognizing the existence of the jurisdiction in equity arising out of the special circumstance of the soldiers' and sailors' civil relief act. Statute 1941, c. 25, has nothing to do with the rules governing pleading and practice in courts of equity except as hereinbefore noted.

We are of opinion that the jurisdiction in equity of the subject matter is not one where the only question to be determined is whether someone interested is in fact in the mili-

tary service, but that the jurisdiction may be exercised where, as in the present case, it appears by the pleadings that neither the plaintiff nor the trustees have any knowledge as to that subject matter, and with relation to which it does not appear that the judge made any determination. The object of the pertinent provisions of the soldiers' and sailors' civil relief act of 1940 was not only to protect the interests of those interested in the foreclosure sale of the mortgaged premises, but also to afford relief to mortgagees, who might suffer great loss if compelled to await the termination of the period of military service of any person interested who might be so engaged, before exercising the power of sale. It is only by proceeding under the act of Congress that "a mortgagee [can] be certain that the foreclosure of his mortgage will not be made in violation of the act." *Hoffman* v. *Charlestown Five Cents Savings Bank*, 231 Mass. 324, 328, 329. The exercise of the jurisdiction under the act of Congress extends to cases where the mortgagees are unable to "establish the existence of owners," and to cases where it is shown that there are no "owners" in the service, as well as to cases where it is demonstrated that there are owners in the service. *John Hancock Mutual Life Ins. Co.* v. *Lester*, 234 Mass. 559, 561.

We conclude that as in other proceedings in equity, so here the defendants were entitled to be heard upon every issue touching the litigation, that the determination of what specific property was subject to the mortgage lien was an issue raised by the bill and one upon which the trustees were entitled to be fully heard on their answer by way of counterclaim.

It follows that the interlocutory decree allowing the motion to strike the trustees' answer from the record must be reversed, and instead that an interlocutory decree must be entered denying the motion; that the final decree must be reversed, and the case remanded to the Land Court for further proceedings in accordance with this opinion. Costs of this appeal are to be allowed to the trustees.

*Ordered accordingly.*