GEORGE D. SALEM *vs.* HAROLD RALPH GILBERT.   December 30, 1954. Order dismissing report affirmed.   This is an action of tort for personal injuries and property damage arising out of the collision at an intersection of an automobile owned and operated by the plaintiff with an automobile operated by the defendant.   The judge found for the plaintiff, and the Appellate Division dismissed a report.   The defendant argues that there was error in the denial of his requests in substance for rulings that the defendant was in the exercise of due care; that the plaintiff was guilty of contributory negligence; and that an alleged back injury of the plaintiff was in no way connected with the accident.   There was no error.   *Morton* v. *Dobson*, 307 Mass. 394, 397.   *O'Connor* v. *Griff*, 307 Mass. 120, 123.

*John F. Finnerty*, for the defendant, submitted a brief.
*T. Paul Hodge*, for the plaintiff.

ASHER RAZIN & others *vs.* BESSIE RAZIN & others.   February 8, 1955. Decrees sustaining demurrers and dismissing petition in equity affirmed.   This is a petition in equity filed in the Probate Court seeking the reconveyance of certain shares of stock alleged to have been transferred to the respondents by Isaac Razin through the fraud, duress, and undue influence of the respondents.   The respondents filed demurrers, each alleging in substance inter alia that the petitioners are on the face of the petition not persons aggrieved and have therefore no standing in these proceedings.   The petitioners argue in their brief that they are heirs in expectancy of Isaac Razin but nowhere in the petition is there an allegation to that effect.   We are of opinion therefore that this situation is fully covered by what was said in *Hogarth-Swann* v. *Weed*, 274 Mass. 125, at page 132: "There is an incongruity in permitting those cousins to engage in contesting the proof of the instrument offered for probate as the will of the son so far as it concerns the disposition of the estate of the son.   That is a subject in which they have no interest.   They are strangers to his estate.   Courts are not established to enable parties to litigate matters in which they have no interest affecting their liberty, rights or property."   See *Horton* v. *Attorney General*, 269 Mass. 503, 513–514.

*Morris T. Silverstein*, (*Richard J. O'Neil* with him,) for the petitioners.
*Maurice Caro*, for the respondents.