*Northern District*

No. 5134

**GEORGE OHMAN**
and
**ALICE L. OHMAN**
v.
**IRENE JULIAN**

(December 9, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

Case tried to TEMPLE, SP. J., in the District Court of Marlboro.

*Brooks, J.* This is an action of tort for personal injuries, consequential damages and property damage resulting from a collision December 13, 1954, at 10:15 a.m. between an automobile operated by plaintiff Alice L. Ohman and defendant. Defendant answers were general denial, contributory negligence and violation of statutory regulations.

Plaintiff was traveling in a northerly direction on Church Street, Marlboro. The defendant was traveling easterly on Warren Avenue. Plaintiff testified that she was traveling 15 to 20 miles per hour approaching the intersection. When a distance of 50 to 60 feet back from the intersection, she had a clear view to her left down Warren Avenue, according to her testimony, and saw no vehicle ap-

proaching or at the stop sign on Warren Avenue near the intersection. She proceeded looking down Warren Avenue to her right, seeing no vehicles approaching from that side. She was turning head again toward the left and had proceeded 4 or 5 feet into the intersection when defendant's car "flashed in front of her" and the front end of her car hit the right rear of defendant's car. The collision spun defendant's car partly around and it went 31 feet before coming to a stop. Plaintiffs' car traveled 105 feet before coming to a stop knocking over a hydrant and hitting a tree.

Mrs. Ohman was knocked unconscious and was slumped on the front seat with her head toward the floor when first found. She had 5 fractured ribs and a laceration of her left knee which contained dirt similar to dirt found on a car floor. The accelerator pedal was jammed to the car floor and the motor was pushed back.

Defendant operator testified that she stopped at the stop sign for 2 or 3 minutes before entering the intersection. She had gone 15 feet into the intersection and had reached a speed of 15 miles an hour when she was struck by plaintiff's vehicle, which she had not seen up to that time.

Photographic Exhibits 1A, B and C show the stop sign on Warren Avenue and a large evergreen tree near the stop sign which, despite her testimony, might have interfered with plaintiff's view down Warren Avenue.

Defendant filed the following rulings, all of which were denied:

1. The evidence does not warrant a finding other than that the defendant was not negligent.

2. As a matter of law there is no evidence of negligence by the defendant in the operation of her motor vehicle.

3. The evidence does not warrant a finding other than that the plaintiff Mrs. Alice Ohman was not in the exercise of due care in regard to the operation of her motor ve-

hicle at the time of the accident.

4. The evidence does not warrant a finding other than that the plaintiff Alice Ohman's actions were negligent at the time of the accident.

5. The evidence does not warrant a finding other than that the negligence of the plaintiff Alice Ohman contributed to the cause of the accident.

6. The evidence does not warrant a finding other than that the negligence of the plaintiff Alice Ohman was the sole cause of the accident.

The court made extended findings which were in large part a rehearsal of testimony contained in the report, pertinent portions of which are set forth above. They need not be repeated here except for the following:

"On all the evidence, I find the plaintiff Alice L. Ohman to have been in the exercise of due care, and I find that the accident was caused solely by the defendant's negligence in going through the intersection without coming to a stop at the 'stop sign' on Warren Avenue, at it's intersection with the westerly side of Church Street. Although she testified she stopped there two (2) minutes, I am satisfied she didn't and on all the evidence, I find she didn't.

"The defendant filed six requests for Rulings of Law; all of which I decline to give, because I find on all the evidence that the negligence of the defendant was the sole cause of the accident.

"As I find for the plaintiff, I treat the plaintiffs' request as waived.

"On Count 1, I find for the plaintiff Alice L. Ohman in the sum of Fifteen Thousand Five Hundred Dollars.

"On Count 2, I find for the plaintiff Alice L. Ohman in the sum of Six Hundred Dollars.

"On Count 3, I find for the plaintiff George Ohman in the sum of One Thousand One Hundred Ninety-three Dollars and Ninety-three cents."

Defendant does not quarrel with the court's findings of negligence on her part. She contends, however, that the female plaintiff was also negligent, not only in fact but in law. This is the sole issue.

Contributory negligence may become a question of law. *Campbell v. Hagen-Burger,* 327 Mass. 159, 162; *O'Neil v. Grant,* 1957 AS 29. Usually however, a collision of motor vehicles at an intersection is a question of fact, *Morton v. Dobson,* 307 Mass. 394, 397; *Austin v. Wolfson,* 328 Mass. 652; *Salem v. Gilbert,* 332 Mass. 754, and once decided by a judge or jury, the decision will rarely be reversed on appeal even though an Appellate Tribunal might well have come to a different conclusion on the facts.

Without going into details, the arguments of defendant's counsel, relying as he does largely on the action of the two automobiles at and subsequent to the collision, as well as on the testimony of plaintiff, which in several aspects suggests lack of due care on her part, are not persuasive enough to justify our holding that the trial judge was clearly wrong in finding her not negligent.

For one thing it is risky to draw inferences merely from the behavior of automobiles in an accident. Their gyrations are often unpredictable and sometimes unexplainable.

With reference to the conduct of plaintiff while approaching and entering the intersection, the stop sign may well have been a factor in the court's decision. It evidently disbelieved defendant's testimony that she stopped at the stop sign. This, in connection with plaintiff's testimony that defendant's car flashed in front of her could indicate that the court may have thought that defendant's speed accounted for, and perhaps justified, plaintiff being unaware of defendant's approach. In any event, the court may have felt that plaintiff had a right to assume that the operator of defendant's car would stop before entering the intersection, *Cohen v.*

*Martin,* 298 Mass. 425. All of which makes us reluctant to disturb the trial court's finding. *Austin v. Wolfson,* 328 Mass. 652.

Since upon the evidence a finding for plaintiff was permissible, there was no error in the court's disposition of defendant's Requests for Rulings.

*Report dismissed.*

Walter J. Griffin, for the plaintiff.

William Meara, for the defendant.