NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12684

ROBERT P. MARLEY  vs.  BANK OF NEW YORK[1] & others.[2]


January 9, 2020.


Supreme Judicial Court, Superintendence of inferior courts.
    Mortgage, Foreclosure.  Notice, Foreclosure of mortgage.
    Massachusetts Soldiers' & Sailors' Civil Relief Act.


The petitioner, Robert P. Marley, filed a petition in the county court, pursuant to G. L. c. 211, § 3, challenging orders issued by the Land Court in connection with a servicemember proceeding under the Massachusetts Soldiers' and Sailors' Civil Relief Act (MSCRA).  Marley also asserted affirmative defenses to foreclosure of his property and claims against the respondents under various statutes, rules of professional

---

[1] The Bank of New York Mellon (bank), formerly known as The Bank of New York, appeared and moved to dismiss the petition and counterclaim.  The bank represents that it is the trustee for the certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-29, Mortgage Pass Through Certificates, Series 2004-29.

[2] Korde & Associates, P.C., and Shellpoint Mortgage Servicing.  Korde & Associates, P.C., has appeared for itself and two attorneys associated with the firm and moved to dismiss the petition and counterclaim.  NewRez LLC, formerly known as New Penn Financial, LLC, doing business as Shellpoint Mortgage Servicing (Shellpoint), also has appeared and moved to dismiss the petition and counterclaim.

The petitioner also named the Land Court as a respondent. The court is a nominal party only.  See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

conduct, and the common law. A single justice of this court dismissed the petition, including all requests for relief. We affirm.[3]

Background. This case arises out of a promissory note and mortgage that Marley signed in 2004 encumbering property in Lynnfield. In 2018, The Bank of New York Mellon (bank) filed a complaint in equity in the Land Court under the MSCRA to determine whether Marley is entitled to foreclosure protections under the Federal Servicemembers Civil Relief Act (SCRA), 50 U.S.C. §§ 3901-4043. See St. 1943, c. 57, as amended through St. 1998, c. 142. The bank also filed a mortgagee's affidavit. See HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 197 n.7 (2013) (Matt) ("Land Court requires all parties filing a servicemember complaint to submit a mortgagee's affidavit").

In accordance with the MSCRA, the Land Court issued an order of notice to Marley and "to all persons entitled to the benefit of the [SCRA]" that, according to the docket, was to be served, recorded, and published in the Lynnfield Villager, the Lynnfield Weekly News, and The Daily Item. The notice instructed Marley that if he is or recently has been in active military service, and if he objects to the foreclosure on that basis, he should appear and file an answer. As the MSCRA provides:

> "The publication of a copy of said notice once not less than twenty-one days before the return day in a newspaper designated by the court, and the mailing of a copy thereof by registered mail not less than fourteen days before the return day to each defendant named in the [servicemembers complaint], shall be sufficient service of said notice, unless the court otherwise orders, provided however that prior to the return day fixed in said notice a copy thereof shall be recorded in each registry of deeds and city or town clerk's office in which such mortgage is recorded."

St. 1943, c. 57, § 1. The SCRA protects both servicemember mortgagors and mortgagees. "As to foreclosures involving nonservicemember mortgagors, the [SCRA] contemplates a benefit to mortgagees through the issuance of a judicial decree that such a mortgagor is not entitled to the protections of the

---

[3] After the case was argued, the court received an amicus brief from Grace C. Ross, together with a motion to file her brief late, which was opposed by Shellpoint. Nothing in the amicus brief changes our analysis.

SCRA[,] . . . ensuring that a foreclosure will not subsequently be rendered invalid for failure to provide the protections of the SCRA to anyone so entitled." Matt, 464 Mass. at 201.

Only mortgagors who assert that they are entitled to rights under the SCRA may appear in servicemember proceedings. See Matt, 464 Mass. at 194. Marley does not assert such rights. Nonetheless, he informed the Land Court of his claim that the bank is not the lawful holder of the promissory note or mortgage, that the bank lacked standing to file the servicemember complaint, and that the Land Court therefore lacked subject matter jurisdiction of the matter. In response, a Land Court judge issued an order providing that the "Mortgagee's Affidavit filed with the Servicemembers Complaint is sufficient to establish the plaintiff's standing. See [G. L. c. 244, § 35B (f)]. The defendant's letter is not sufficient to put standing at issue in the face of the affidavit. For the foregoing reasons, the defendant's submission is not accepted for filing." See Matt, 464 Mass. at 199 (in servicemember proceeding, error to accept nonservicemember's filings or to permit nonservicemember to appear).

Marley next filed a petition in the county court, pursuant to G. L. c. 211, § 3. As he did in the Land Court, he claimed generally that the bank lacked standing to bring the servicemember complaint, and that the Land Court therefore exceeded its jurisdiction in issuing an order for notice of the impending foreclosure proceeding. In addition, the petition raised various defenses to foreclosure and asserted a multicount complaint, denominated as a "counterclaim," against the respondents. The single justice neither erred nor abused her discretion in dismissing the petition.

Discussion. A request for extraordinary relief, under G. L. c. 211, § 3, properly is denied where, as here, a petitioner fails to demonstrate "both a substantial claim that a violation of the party's substantive rights occurred below, and that this error cannot be corrected through the ordinary appellate process." Commonwealth v. Clerk of the Boston Div. of the Juvenile Court Dep't, 432 Mass. 693, 697 (2000). It is well established that, "[w]here a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." Foley v. Lowell Div. of the Dist. Court Dep't, 398 Mass. 800, 802 (1986).

As we said in Matt, "a servicemember proceeding cannot affect the rights or interests of nonservicemembers," and so

nonservicemembers have "no interest in the proceeding." Matt, 464 Mass. at 199. Such proceedings are not part of the foreclosure process and "are not determinative of any issue beyond the extent of such defendants' rights under the SCRA, if any." Id. at 204. The order of notice issued by the Land Court in this case is largely identical to the statutory form of notice, and identifies the bank only as one "claiming to be the holder of a mortgage." See id. at 202. With respect to Marley's claim that publication of the notice in local publications was improper, the statute authorizes service, publication, and recording of the notice. St. 1943, c. 57, § 1. Marley did not establish a substantial claim that the Land Court violated his substantial rights in connection with the servicemember proceeding.

With respect to the myriad of other claims and affirmative defenses to foreclosure and the eight-count "counterclaim" asserted against the respondents, Marley failed to demonstrate the absence of adequate alternative remedies. See Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990). Although we recognize that the claims he raises could not be asserted as "counterclaims" in the servicemember proceeding, see Matt, 464 Mass. at 204, Marley's principal remedy is to litigate the claims and affirmative defenses in the trial court, "in any separate action challenging a foreclosure or a mortgagee's right to foreclose," id.[4] General Laws c. 211, § 3, does not provide an alternative route to the ordinary course of trial and appeal, and the single justice properly dismissed the claims and defenses.

Judgment affirmed.


Robert Marley, pro se.
Thomas O'Neill for Shellpoint Mortgage Servicing LLP & another.
Joseph P. Calandrelli, for Korde & Associates, was present but did not argue.
Grace C. Ross, pro se, amicus curiae, submitted a brief.

---

[4] The record indicates that Marley has commenced two actions in the Superior Court, both of which were removed to the United States District Court for the District of Massachusetts, challenging various aspects of the bank's authority to foreclose on his mortgage.