NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-545

WILMINGTON SAVINGS FUND SOCIETY, FSB[1]

vs.

TIMOTHY P. GIRIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, as holder of a mortgage given by the defendant and another person on property they owned in Essex County,[2] filed a servicemember proceeding in the Land Court under the Massachusetts Soldiers' and Sailors' Civil Relief Act (act), St. 1943, c. 57, as amended through St. 1998, c. 142, to determine if the defendant was entitled to foreclosure protections under the Federal Servicemembers Civil Relief Act

_____

[1] Doing business as Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust.

[2] The plaintiff represents that at the time the complaint in this case was filed, the defendant was the sole owner of the mortgaged property.  The defendant does not challenge this representation and where nothing in the parties' argument or our analysis turns on it, we accept it as true.

(SCRA), 50 U.S.C. §§ 3901 et seq. A judge allowed the plaintiff's motion for judgment on the complaint and the defendant appealed, challenging the plaintiff's standing to bring the action and arguing defects in the foreclosure process affecting the mortgaged property. Because we are satisfied that the plaintiff demonstrated its standing to bring this action, and because this suit is not an appropriate vehicle for resolution of the defendant's challenges to the propriety of the foreclosure process, see HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 196 (2013) (Matt), we affirm.

Discussion. "[O]nly mortgagees or those acting on behalf of mortgagees have standing to bring servicemember proceedings" under the act (footnote omitted).[3] Matt, 464 Mass. at 203. "[T]o establish standing . . . , plaintiffs must present such evidence as may be necessary and appropriate in the circumstances reasonably to satisfy the judge as to their status as mortgagees or agents thereof." Id. at 203-204. We review the plaintiff's showing on standing de novo. See id. at 198.

_____

[3] Although it does not appear that the defendant raised a standing challenge in the Land Court, "[b]ecause standing goes to subject matter jurisdiction, it may be raised for the first time on appeal." Caputo v. Moulton, 102 Mass. App. Ct. 251, 253 n.6 (2023).

2

The plaintiff has made the necessary showing here.  Our record includes attested copies of documents showing an unbroken chain of assignments of the 2007 mortgage from the original mortgagee to the plaintiff.  The defendant does not argue that any of these assignments failed to meet the requirements of G. L. c. 183, § 54B, and we conclude that the requirements were met.  This "complete chain of assignments" was sufficient to show that the plaintiff held the defendant's mortgage at the time it filed this action in the Land Court, U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 651 (2011), and thus to establish the plaintiff's standing to bring this action.[4]  See Matt, 464 Mass. at 203-204.

The defendant's remaining challenges focus on the propriety of the foreclosure process, including alleged errors and misstatements by the plaintiff relating to the amounts due on the mortgage loan; the plaintiff's failure to provide the defendant with appropriate notice of his right to cure any default, see G. L. c. 244, § 35A; the plaintiff's failure to ensure that the loan is being serviced properly; and its

_____

[4] Assuming that, as the defendant contends, the loan was modified in 2014 and 2020, the defendant has neither explained how the modifications to the loan affected the mortgage or the validity of any of the assignments nor persuaded us that they did so.

3

"wrongful foreclosure."  Because servicemember proceedings "occur independently of . . . any judicial proceedings determinative of the general validity of the foreclosure," <u>Matt</u>, 464 Mass. at 196, quoting <u>Beaton</u> v. <u>Land Court</u>, 367 Mass. 385, 390 (1975), and "are not determinative of any issue beyond the extent of [the servicemember defendants'] rights under the SCRA, if any," <u>Matt</u>, <u>supra</u> at 204, we need not and do not address these arguments further.

Finally, we note that the defendant does not challenge the judge's determination that he is not entitled under the act to the protections of the SCRA.  Any challenge to that determination is, therefore, waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").  See also <u>Matt</u>, 464 Mass. at 199 ("because a servicemember proceeding cannot affect the rights or

4

interests of nonservicemembers, nonservicemembers have no interest in" such proceeding).

Judgment affirmed.

By the Court (Massing, Hand & Allen, JJ.[5]),

Clerk

Entered: January 29, 2026.

---

[5] The panelists are listed in order of seniority.