DAVE N. VIGNEAULT *vs.* SECRETARY OF THE COMMONWEALTH & others.

Suffolk. May 9, 1968. — May 21, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Constitutional Law,* Apportionment of legislators, Equal protection of laws, Who may question constitutionality. *General Court. Mandamus. Practice, Civil,* Parties.

A voter in a representative district having a greater population per representative than the Statewide district norm had standing to bring a mandamus proceeding attacking on constitutional grounds a statute purportedly apportioning the representatives to the several counties on a population basis but allocating one representative each to the island counties, Nantucket County and the County of Dukes County, each of which has a population far below the Statewide district norm. [364]

St. 1967, c. 877, apportioning the members of the House of Representatives to the several counties along county lines and allocating to each county the number of members which would ensure that each member would represent an equal number of inhabitants, approximately, except that one representative is allocated to each of the two isolated island counties, Nantucket County and the County of Dukes County, each of which constitutes a compact district with borders conforming to natural boundaries and has had an ancient right to representation as a separate entity although having a population far below the Statewide representative norm, deviates only within permissible limits from a strict apportionment by population, is based on legitimate considerations, and is not repugnant to the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. [365–367]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on March 9, 1967.

The case was reserved and reported without decision by *Whittemore, J.*

*Victor N. Gagnon* for the petitioner.

*Lawrence T. Holden, Jr.* (*Leonard Wheeler* with him) for the Commissioners of the County of Dukes County.

*Lawrence S. Fordham* for the Commissioners of Nantucket County (*Howard M. Miller,* Assistant Attorney General, & *Mark N. Cohen,* Deputy Assistant Attorney General, for the Secretary of the Commonwealth, with him).

*Manuel Katz* for Robert H. Quinn, Speaker of the House of Representatives, amicus curiae, was present but did not argue and, with *Paul T. Smith,* submitted a brief.

*John E. Fenton, Jr.,* for Maurice J. Donahue, President of the Senate, amicus curiae, was present but did not argue.

WILKINS, C.J. This petition for a writ of mandamus, brought originally against the Secretary of the Commonwealth, raises the fundamental issue as to the constitutionality of St. 1967, c. 877, § 3, "An Act apportioning representatives to the several counties of the commonwealth and providing that each representative shall represent an equal number of inhabitants, as nearly as may be." This act, amending G. L. c. 57, § 4, apportioned the 240 members of the House of Representatives to the fourteen counties "as existing at the time as of which the census of the inhabitants in the municipalities thereof was taken . . . [in 1965] until the next decennial apportionment." The petitioner, a citizen of the Commonwealth and a qualified voter in the thirteenth representative district of Hampden County, contends that the assignment of one representative each to the two island counties, Nantucket County and the County of Dukes County, is repugnant to the Constitutions of the United States and of the Commonwealth as denying him (1) an equal vote compared with citizens of those counties, and (2) equal representation in the House of Rep-

resentatives. The Commissioners of the two counties, as parties respondent, and the Speaker of the House of Representatives and the President of the Senate, as amici curiae, have been allowed to participate. These counties and the Secretary of State by demurrer have challenged the petitioner's standing to sue, and in their answers deny that the petitioner's constitutional rights have been violated. The case is reported without decision by a single justice on the pleadings and two stipulations.[1]

The constitutional basis of the petitioner's contentions is the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

The petitioner has standing to bring this action as he is a voter in a district having a greater population per representative than the Statewide norm.[2]  *McGlue* v. *County Commrs. of Essex*, 225 Mass. 59, 60–62. *Graham* v. *Special Commrs. of Suffolk County*, 306 Mass. 237, 241. See *Massachusetts Commn. Against Discrimination* v. *Colangelo*, 344 Mass. 387, 390; *Baker* v. *Carr*, 369 U. S. 186, 204–208; *Reynolds* v. *Sims*, 377 U. S. 533, 554–556.

Within a year we have given an advisory opinion to the Senate as to an apportionment bill which made the same assignment of representatives as does St. 1967, c. 877. 353 Mass. 790. In that opinion the Justices stated (page 799) that in so far as under art. 21 the basis of apportionment was legal voters and not population, it did not conform to the doctrine newly enunciated by a majority of the Supreme Court of the United States. *Baker* v. *Carr*, 369 U. S. 186, 237. *Reynolds* v. *Sims*, 377 U. S. 533, 577–581. *Swann* v.

---

[1] Of these, Appendix A to this opinion is from a stipulation filed with the single justice.

[2] When the petitioner instituted this action, he was a voter in the seventeenth representative district of Hampden County which had a population per representative of 37,223. See representative districts established by St. 1963, c. 666, Doc. No. E215–5M–5–64–938044; The Decennial Census of Massachusetts, 1965. We are informed in the brief of the Speaker that the Commissioners of Hampden County have redistricted that county pursuant to St. 1967, c. 877, § 3. Under this, the petitioner is a voter in the thirteenth representative district which has a population per representative of 23,465. As the Statewide norm is an average of 22,064 people per representative (see Appendix A), the petitioner's standing has not been impaired.

*Adams*, 385 U. S. 440, 443–444. The Justices there de-
clined to forecast what the Supreme Court would decide
upon the issue now before us of allowing one representative
to each island county (page 797).

Subsequently,[1] St. 1967, c. 877, has been enacted, § 3 of
which assigns one representative each to the island counties.
See Appendix A. Section 1 embodies an extensive "State-
ment of Legislative Purpose." After declaring its intent to
apportion the Commonwealth on a population basis, the
Legislature made explicit findings relative to the represen-
tation of Nantucket County and the County of Dukes
County. "[T]hese are islands, isolated, not readily acces-
sible and most difficult to merge with any portion of the
mainland." Such merger would "most probably" result in
the election of "a resident of the mainland" and this would
figuratively disfranchise the islanders. "Because of their
exigency, and without being arbitrary or discriminatory, it
is the sense of the General Court that each of these island
counties should retain at least one representative as is now
required by the Constitution of Massachusetts and that to
maintain this status would not be a violation of the Four-
teenth Amendment of the United States Constitution." We
accord these legislative findings their proper significance.
See *Attorney Gen.* v. *Secretary of the Commonwealth*, 306
Mass. 25, 30; *Druzik* v. *Board of Health of Haverhill*, 324
Mass. 129, 138–139; *Massachusetts Commn. Against Dis-
crimination* v. *Colangelo*, 344 Mass. 387, 390; *Hall-Omar
Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass.
695, 700–701; *Coffee-Rich, Inc.* v. *Commissioner of Pub.
Health*, 348 Mass. 414, 422.

The evidence before us corroborates these legislative find-
ings. In allocating one representative each to the two island
counties, the General Court recognized that they constitute
two compact, contiguous districts whose borders conform to
natural boundaries and whose right to representation as en-
tities in the General Court antedates by nearly eighty years

---

[1] The material provisions became effective on January 5, 1968. C. 877, § 8.

the meeting of the First Continental Congress.[1] The districting of the islands follows existing political subdivision lines, and aims to restrict the possibility of partisan gerrymandering[2] and to give effect to the county role in the governmental system of the Commonwealth.[3] These are all permissible grounds for deviation from a strict mathematical apportionment by population. *Reynolds* v. *Sims*, 377 U. S. 533, 577–581. *Swann* v. *Adams*, 385 U. S. 440, 443–444.

Tested mathematically, we note that the allocation of one representative each to the two island counties might conceivably enable a majority of 49.76% of the population of the Commonwealth to elect sufficient representatives to control the House. This is only .66% less than the percentage required for control were the Commonwealth to be apportioned under a purely mathematical system.[4]

We are of opinion that this divergence from a strict population standard is, in light of the aggregate of the factors considered above, based on legitimate considerations incident to the effectuation of a rational State policy. See *Reynolds* v. *Sims*, 377 U. S. 533, 579. The executive and legislative departments of the Commonwealth manifestly believe that genuine representation of the islands would not survive should they be merged into a mainland district or districts. We share that belief, a belief based not altogether

[1] It has been stipulated that the County of Dukes County has been entitled to representation in the General Court since 1692 and Nantucket County since 1696. See Massachusetts Archives, Legislative, Vol. I, 213, 292; *ibid.*, Towns, Vol. II, 22; Banks, History of Martha's Vineyard, Dukes County, Massachusetts (1911); Starbuck, History of Nantucket (1924) 92–127.

[2] See Schubert and Press, Measuring Malapportionment, The American Political Science Review, Vol. LVIII, 303–327. These authors termed Massachusetts "the best-apportioned legislature in the country . . . at the time the Supreme Court decided *Baker* v. *Carr*" (p. 326).

[3] See 1963 House Doc. No. 3131, Report of the Legislative Research Council Relative to County Government in Massachusetts, dated November 14, 1962.

[4] The 1965 population of the Commonwealth was 5,295,281. Dividing this figure by 240 representative seats results in an ideal ratio of 22,064 people per representative. (See Appendix A.) The minimum number of representatives necessary to control the House is 121. Theoretically, it should take the majority of 2,669,744 people (50.42% of the population) to elect this number. Assuming 119 mathematically perfect districts plus the counties of Dukes County (5,948) and Nantucket (3,714), the majority of 2,635,278 people (49.76% of the population) could elect the same number. The variation in percentage necessary for control attributable to the island counties is thus .66%. See Note, Reapportionment, 79 Harv. L. Rev. 1226, 1250–1251.

on judicial notice, but founded in large part on personal experience and knowledge.  We think that this view would be held by anyone with first-hand knowledge of the islands and their local conditions.  Were we to conclude that the apportionment here in issue is repugnant to the Federal Constitution, which allows two Senators to each State irrespective of population, we think that there would be no alternative to a strict mathematical apportionment.  Such a conclusion would go beyond any decision yet made by the Supreme Court of the United States.  It would be contrary to our own opinion and would be a long leap toward depriving the people of Nantucket County and the County of Dukes County of a voice in legislation.  We think that neither Constitution requires this.

*Petition dismissed.*

## APPENDIX  A

Population within each county in 1965 and average population per representative under Chapter 877 of Acts and Resolves of 1967.

| County | No. Representatives | Population 1965 | Average Population per Representative |
|---|---|---|---|
| Barnstable | 3 | 73,557 | 24,519 |
| Berkshire | 6 | 145,597 | 24,266 |
| Bristol | 19 | 415,242 | 21,855 |
| Dukes | 1 | 5,948 | 5,948 |
| Essex | 27 | 608,996 | 22,556 |
| Franklin | 3 | 57,687 | 19,229 |
| Hampden | 20 | 435,281 | 21,764 |
| Hampshire | 4 | 100,065 | 25,018 |
| Middlesex | 58 | 1,280,235 | 22,073 |
| Nantucket | 1 | 3,714 | 3,714 |
| Norfolk | 25 | 560,137 | 22,405 |
| Plymouth | 13 | 292,697 | 22,515 |
| Suffolk | 32 | 706,216 | 22,069 |
| Worcester | 28 | 609,909 | 21,782 |
|  | 240 | 5,295,281 | 22,064 |