SUPERIOR COURT 
 
 JAMES LYONS v. SECRETARY OF STATE WILLIAM GALVIN, CLERK OF THE HOUSE TIMOTHY CARROL,[1] CLERK OF THE SENATE MICHAEL HURLEY, AND ATTORNEY GENERAL ANDREA CAMPBELL, IN THEIR OFFICIAL CAPACITIES

 
 Docket:
 2484CV03175-BLS2
 
 
 Dates:
 March 31, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ALLOWING MOTION TO DISMISS
 
 

 Massachusetts voters recently approved a ballot initiative that authorizes and directs the State Auditor to audit the Legislature. By passing Question 1 in November 2024, voters revised the statute that addresses the auditing of accounts to add the Legislature, the official name of which is The General Court of Massachusetts,[2] to the description of entities to be audited. The statute, as amended, provides that the State Auditor “shall audit the accounts, programs, activities and functions directly related to the aforementioned accounts of all departments, offices, commissions, institutions and activities of the commonwealth, including those of … the general court[.]”[3] It also provides that the Auditor’s staff “shall have access” to the accounts they are charged with auditing and may require production of relevant records.
Nine days after this election, the House of Representatives amended House Rule 85A to provide that each year (starting in fiscal year 2026) the House Business Manager shall retain a private auditing firm recommended by the State Auditor, engage the firm to conduct an “outside, independent financial audit of House financial accounts,” provide copies of the completed audit report to the House Clerk and State Auditor, and post a copy on the Legislature’s website.[4] In February 2025, the House further revised Rule 85A to
 
--------------------------------------------
 
[1] Timothy Carroll succeeded Steven James as Clerk of the Massachusetts House of Representatives in January 2025. Since Mr. James was sued only in his official capacity, Mr. Carroll “is automatically substituted as a party” without need for any order of substitution. See Mass. R. Civ. P. 25(d)(1).
[2] See Part 2, c. 1, § 1, art. 1 of the Constitution of the Commonwealth.
[3] G.L. c. 11, § 12 (emphasis added), as amended by St. 2024, c. 250, § 1.
[4] See Order H. 5105, available at https://malegislature.gov/Bills/193/H5105 . The Court may consider the text of the November 14, 2024, amendment to House
<continued…>
 
                                                            -1-
 
provide that the House Committee on Operations, Facilities and Security (and not the House Business Manager) will arrange for or do these things.[5]
James Lyons contends that the amended House rule “does not allow the Auditor to audit the Legislature” and that it “directly undermines the intent of the voters” by interfering with the Auditor’s new statutory authority “to directly audit the Legislature.” Mr. Lyons filed this action seeking declarations that the amended House rule is invalid because it is inconsistent with the statutory amendment approved by the voters, and that the amended statute does not violate the separation of powers requirements of the Massachusetts Declaration of Rights or any other constitutional requirement.[6] He also seeks unspecified injunctive relief. Mr. Lyons has named as defendants the Secretary of the Commonwealth, the Clerks of the Massachusetts House of Representatives and Senate, and the Massachusetts Attorney General, all in their official capacities.
The Court will allow the Attorney General’s motion to dismiss this action because Mr. Lyons does not have legal standing to bring these claims. Although
 
--------------------------------------------
 
Rule 85A because Mr. Lyons refers to it the amended rule in, and relied upon it in framing, his complaint. See Lanier v. President and Fellows of Harvard College, 490 Mass. 37, 44 (2022) (documents referenced in complaint); Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004) (document relied upon in framing complaint).
[5] See https://malegislature.gov/Laws/Rules/House . The Court may take judicial notice of these additional events, even though they occurred after Mr. Lyons filed his complaint, because this information is a matter of public record and comes from a source the accuracy of which cannot reasonably be questioned. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) (court may consider “matters of public record” in deciding motion to dismiss); Commonwealth v. Greco, 76 Mass. App. Ct. 296, 301 n.9, rev. denied, 457 Mass. 1106 and 458 Mass. 1105 (2010) (court may take judicial notice of facts “capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned”) (quoting Mass. Guide Evid. § 201(b)(2)).
[6] Though Mr. Lyons’ complaint also sought a declaration that the State Auditor now “has the statutory authority to audit the Legislature,” at oral argument Mr. Lyons and the Attorney General agreed that the statutory amendment approved by the voters has taken effect. If this were the only relief sought by Mr. Lyons, the Court would have to dismiss the complaint even if Mr. Lyons had standing, because there is no actual controversy about this issue. See generally Alliance, AFSME/SEUI, AFL-CIO, v. Commonwealth, 425 Mass. 534, 537-539 (1997) (in absence of actual controversy between the parties, claim for declaratory relief under G.L. c. 231A must be dismissed)
 
                                                            -2-
 
the Attorney General filed a motion to dismiss only on her own behalf, the Court must dismiss this action in its entirety because Mr. Lyons does not have standing to seek relief against any of the Defendants.[7] The Court will order that judgment enter dismissing this action without prejudice.[8]
1. Burden of Establishing Standing. Mr. Lyons may not pursue this action unless he can show that he has legal standing to do so. That is his burden, not something that the Defendants must disprove. See Pugsley v. Police Dept. of Boston, 472 Mass. 367, 373 (2015). The Court “must resolve this threshold issue” before it can address the merits of Mr. Lyons’ claims because “standing is a prerequisite for a court to adjudicate a dispute.” Cubberley v. Commerce Ins. Co., 495 Mass. 289, 293 (2025).
“The standing requirement exists because ‘[c]ourts are not established to enable parties to litigate matters in which they have no interest affecting their liberty, rights or property,’ but rather only those matters in which they have a ‘definite interest’ such that their ‘rights will be significantly affected by a resolution of the contested  point.’ ”Cambridge  St.  Realty,  LLC  v.  Stewart,  481 Mass. 121, 128–129 (2018), quoting HSBC Bank USA, N.A. v. Matt, 464 Mass.
193, 199 & 200 (2013).
If Mr. Lyons cannot establish a sufficiently direct and personal interest to give him standing, or show that his claims fall within a rare exception to this requirement, then the Court may not decide his claims. HSBC Bank, 464 Mass. at 199. “Standing is not a mere legal technicality.” Matter of Chapman, 482 Mass. 1012, 1015 (2019). To the contrary, whether a plaintiff has standing is a “question … of critical significance” that “goes to the power of the court to hear and decide the matter.” Ginther v. Comm’r of Ins., 427 Mass. 319, 322 & n.6 (1998), quoting in part Tax Equity Alliance of Massachusetts v. Comm’r of Revenue, 423 Mass. 708, 715 (1996) (“question … of critical significance”). In other words, under Massachusetts law standing is a question of subject matter jurisdiction.
 
--------------------------------------------
 
[7] The Attorney General indicated during oral argument that she did not file a motion to dismiss on behalf of all Defendants because Mr. Lyons has not served the other Defendants with process or asked anyone to accept service of process on their behalf. Nonetheless, most of the Attorney General’s arguments for dismissal apply equally to all Defendants.
[8] “Dismissals for lack of subject matter jurisdiction are ordinarily without prejudice because dismissal for lack of jurisdiction is typically not an adjudication on the merits.” Abate v. Fremont Inv. & Loan, 470 Mass. 821, 836 (2015); accord Bevilacqua v. Roberts, 460 Mass. 762, 779–780 (2011).
 
                                                            -3-
 
Indeck Maine Energy, LLC v. Comm’r of Energy Resources, 454 Mass. 511, 516 (2009).
The Court must determine whether Mr. Lyons has standing with respect to his claims against all of the Defendants in this action, even though the Attorney General is the only  party  that  filed a motion  to dismiss. See HSBC  Bank,  464 Mass. at 199 (plaintiff must establish standing “whether it is challenged by an opposing party” or not). Like any issue of subject matter jurisdiction, when a question of standing “becomes apparent to a court, the court has ‘both the power and the obligation’ to resolve it, ‘regardless [of] whether the issue is raised by the parties.’ ” Rental Prop. Mgmt. Servs. v. Hatcher, 479 Mass. 542, 547 (2018), quoting HSBC Bank, supra. The fact that three of the Defendants have not yet been served and have not joined in the motion to dismiss does not affect whether Mr. Lyons has standing to bring suit against them. “Subject matter jurisdiction cannot be conferred by consent, conduct or waiver.” Rental Prop. Mgmt., supra, quoting Litton Business Sys., Inc. v. Comm’r of Revenue, 383 Mass. 619, 622 (1981).
The Court finds that Mr. Lyons has had a full and fair opportunity to address whether he has standing to bring this action with respect to all of the Defendants, both in writing and during the recent oral argument.
2. Analysis. Mr. Lyons alleges no facts suggesting that he suffered or likely will suffer any personal harm as a result of a violation of any legal duty owed to him, and he has not identified any applicable exception to these general requirements of standing. He therefore does not have standing to challenge House Rule 85A, to seek a declaration as to whether the voters’ amendment to the Auditor’s statutory authority is constitutional, or to obtain any other relief.
Mr. Lyons cannot cure his lack of standing, or avoid his burden of proving that he has standing, by seeking a declaratory judgment under G.L. c. 231A. See Pratt v. City of Boston, 396 Mass. 37, 42–43 (1985). “Even if there is an actual controversy” that would otherwise support a claim for declaratory relief, Mr. Lyons “must demonstrate the requisite legal standing to secure its resolution.” Id., quoting Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Comm’r of Ins., 373 Mass. 290, 292 (1977). “It is settled that G.L. c. 231A does not provide an independent statutory basis for standing.” School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 579 (2007). The declaratory judgment statute did not create a “roving entitlement for allegedly aggrieved plaintiffs to seek judicial review” of any government action or public matter, without regard to whether they have standing. Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 141 (2000).
 
                                                            -4-
 
2.1. No Personal Harm From a Breach of Legal Duty. As a general rule, “only persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of [another] branch of the government.” Tax Equity Alliance of Mass., 423 Mass. at 715 (taxpayers lacked standing to challenge constitutionality of capital gains tax legislation), quoting Kaplan v. Bowker,  333 Mass. 455, 459 (1956) (members of general public had no standing to seek order restricting legislative commission in publishing names of suspected Communist Party members). This principle applies with full force here.
“Legal harm” means a breach of a legal duty owed to the plaintiff that resulted in actual harm. See Perella v. Massachusetts Tpk. Auth., 55 Mass. App. Ct. 537, 539 (2002) (local resident lacked standing to challenge discretionary decision to construct a roadway through a “park and ride” facility). Both of these elements are generally required to establish standing.
First, there must be a plausible claim that the defendants violated a legal duty that they owed to the plaintiff. “[I]t is not enough that the plaintiff be injured by some act or omission of the defendant; the defendant must additionally have violated some duty owed to the plaintiff.” School Comm. of Hudson, 448 Mass. at 579 (cleaned up) (school committees lacked standing to challenge charter school approval), quoting Penal Institutions Comm’r for Suffolk County v. Comm’r of Correction, 382 Mass. 527, 532 (1981) (county penal commissioner lacked standing to seek order compelling transfer of prisoners to different facility).
Courts must “pay special attention to the requirement that standing usually is not present unless the government official or agency can be found to owe a duty directly to the plaintiffs,” and not just to the general public. City of Revere v. Massachusetts Gaming Comm’n, 476 Mass. 591, 607 (2017) (host city and labor union lacked standing to challenge denial of casino gaming license application for site in Revere and allowance of application for site in Everett), quoting Enos, 432 Mass. at 136 (neighbors lacked standing to challenge environmental approval for construction of municipal sewage treatment plant); accord Hertz v. Secretary of the Exec. Office of Energy & Envtl. Affairs, 73 Mass. App. Ct. 770, 771–774 (2009) (residents lacked standing to challenge approval of municipal harbor plan that allowed construction of towers on neighboring wharf, where regulation did not afford them special status different from public at large).
Second, the plaintiff must have suffered “a concrete and particularized harm” as a result of the alleged breach of duty. Alliance, AFSCME/SEIU, AFL-CIO v. Commonwealth, 427 Mass. 546, 549 (1998) (labor unions lacked standing to
 
                                                            -5-
 
challenge Governor’s line-item veto of earmarked funding for public health program). In other words, some “personal interest” of the plaintiff must have been “directly affected.”  Id.,  quoting  Town  of  Brookline  v.  The  Governor,  407 Mass. 377, 388 (1990) (Liacos, C.J., concurring); accord, e.g., Horton v. Attorney General, 269 Mass. 503, 514 (1930) (“Only those directly affected as to some personal interest by the operation of a statute can question its validity.”).
Mr. Lyons has not shown that the amendment to the State Auditor’s statutory authority created any legal duty owed to him personally, or that he will suffer any personal harm if revised House Rule 85A were to be applied in a manner that restricts the Auditor’s exercise of her statutory authority. He therefore does not have standing to bring this lawsuit unless he can identify an applicable exception to these general requirements for standing.
2.2. No Exception to Requirement of Personal Harm. Mr. Lyons asserts he has standing because he is a resident, taxpayer, and voter in Massachusetts, and he is among the many Massachusetts citizens who supported and voted for Question 1 during the most recent election. The Court is not persuaded.
The Court recognizes that the recent amendment to the State Auditor’s statutory authority was supported by a clear majority of the citizens who cast ballots during the November 2024 State election.[9] That does not change the legal requirement that neither Mr. Lyons nor anyone else who voted for or otherwise supports Question 1 must show that they have legal standing before they may seek a court ruling about whether this amendment is constitutional, or whether the revised House rule impermissibly conflicts with the statute.
Though Mr. Lyons expresses keen interest in making sure that the statutory amendment giving the State Auditor express authority to audit the Legislature is implemented in a manner that he thinks is proper, that does not mean Mr. Lyons has standing to defend the statutory amendment or to challenge the recent House rules change. Being a concerned citizen who believes that “the Legislature is the enemy [of] and the opposition” to the intended goals of
 
--------------------------------------------
 
[9] Secretary of the Commonwealth William Galvin determined that 2,326,911 voters, representing 71.6 percent of all votes cast, voted “Yes” on Question 1 during the 2024 general election. These election results are reported online at https://electionstats.state.ma.us/ballot_questions/search/year_from:1972/year_ to:2024 . The Court may take judicial notice of this information because it is a matter of public record and comes from a source the accuracy of which cannot reasonably be questioned. See Schaer, 432 Mass. at 477; Greco, 76 Mass. App. Ct. at 301 n.9; Mass. Guide Evid. § 201(b)(2).
 
                                                            -6-
 
Question 1, as Mr. Lyons writes in his memorandum, does not give one standing to challenge a legislative rule or seek a declaration as to the constitutionality of a statute.
“[S]tanding is not measured by the intensity of the litigant’s interest or the fervor of his advocacy.” New Bedford Educators Assn. v. Chairman of the Massachusetts Bd. of Elem. and Secondary Educ., 92 Mass. App. Ct. 99, 108 (2017) (teachers unions lacked standing to challenge adequacy of “turnaround plans” for underperforming schools), quoting Pratt, 396 Mass. at 42 (taxpayers and residents lacked standing to challenge City’s decision to let nonprofit corporation use 2.5 acres of Boston Common for “Concerts on the Common” events), and Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 486 (1982) (organization dedicated to separation of church and state lacked standing to challenge transfer of government property to religious organization without payment).
Mr. Lyons has not met his burden of showing that he has standing under any of the legal doctrines or precedent that he invokes in opposing the motion to dismiss, as discussed below.
2.2.1. Voter and Proponent Standing. Mr. Lyons does not have standing merely because he voted for and remains a proponent of the ballet initiative authorizing audits of the Legislature.
Standing to protect voters’ rights arises in limited circumstances not relevant here. For example, the first ten signers of an initiative or referendum petition have standing to bring suit to ensure that the petition is properly presented to the voters. Buckley v. Secretary, 371 Mass. 195, 197–198 (1976); see also Paisner v. Attorney General, 390 Mass. 593, 595 (1983) (implicitly assuming, without deciding, that proponents had standing to challenge Attorney General’s decision not to certify initiative petition). This line of cases is not relevant because Question 1 has already been passed by the voters.
Voters also have standing to sue to have their votes be counted and given equal weight; for example, a voter in a district that has a disproportionately large population has standing to challenge the apportionment. See Vigneault v. Secretary of the Commonwealth, 354 Mass. 362, 363–364 (1968); Baker v. Carr, 369 U.S. 186, 206-208 (1962). These cases are not relevant because this suit is not about whether Mr. Lyons’ vote counted or was diluted.
Mr. Lyons has identified no authority holding or even suggesting that someone who votes for a ballot initiative thereby has standing to bring suit regarding
 
                                                            -7-
 
implementation of a resulting law, even if the statute does not affect them personally. Permitting any supporter of a successful ballot initiative to bring suit at any time to enforce the resulting law would be inconsistent with the requirements of standing discussed above.
2.2.2. Taxpayer Standing. Nor does Mr. Lyons have standing merely because he is a taxpayer who cares about how the Legislature spends public funds.
There is no general equity jurisdiction in Massachusetts “to entertain a suit by individual taxpayers” to challenge allegedly unlawful expenditures by governmental entities. Pratt, 396 Mass. at 42, quoting Fuller v. Trustees of Deerfield Academy, 252 Mass. 258, 259 (1925).
Nor do taxpayers have standing to ask courts to decide other “generalized grievances” about the conduct of government. Goldman v. Sec'y of Exec. Off. of Health & Hum. Servs., 101 Mass. App. Ct. 427, 438 (2022) (taxpayers lacked standing to challenge use of Medicaid funds to pay for neonatal male circumcisions that are not medically necessary); accord Valley Forge Christian College, 454 U.S. at 479 (reaching similar conclusion, as to transfer of government property to religious organization, under “case or controversy” requirement of United States Constitution art. III).[10]
It follows that individual taxpayers do not have standing to bring suit to support the Auditor’s monitoring of governmental spending or operations.
2.2.3. “Disclosure Standing.” Mr. Lyon’s interest in compelling the Legislature to disclose more information about its operations does not give him standing either. He is not seeking to enforce a statute that gives him a personal right to obtain certain categories of information from political donors or from a government entity. Contrast Federal Election Commission v. Akins, 524 U.S. 11, 21 (1998) (standing to enforce public disclosure obligation of political action committees); Public Citizen v. Department of Justice, 491 U.S. 440, 449 (1989) (standing to enforce notice requirements of Federal Advisory Committee Act). The ballot initiative approved by the voters authorizes and directs the State Auditor to audit the Legislature, and therefore to obtain relevant information from the Legislature, but it does not compel public disclosure of anything.
 
--------------------------------------------
 
[10] The Court recognizes that “the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability ….” ASARCO Inc. v. Kadish, 490 U.S. 605, 617 (1989). The holding in Valley Forge Christian College is nonetheless instructive, as it is consistent with the recent decision in Goldman.
 
                                                            -8-
 
2.2.4. Public Right Doctrine. Finally, Mr. Lyons does not have standing under the so-called public right doctrine.
This doctrine permits citizens who otherwise would lack standing because they themselves have not suffered any legal injury to “seek relief in the nature of mandamus to compel the performance of a duty required by law.” Perella,    55 Mass. App. Ct. at 539, quoting Tax Equity Alliance of Mass., 423 Mass. at 714. “A complaint in the nature of mandamus is ‘a call to a government official to perform a clear cut duty,’ and the remedy is limited to requiring action on the part of the government official.” Boston Med. Ctr. Corp. v. Sec'y of Exec. Off. of Health & Human Servs., 463 Mass. 447, 469–470 (2012), quoting Simmons v. Clerk– Magistrate of the Boston Div. of the Housing Court Dept., 448 Mass. 57, 59–60 (2006), quoting in turn Doe v. District Attorney for the Plymouth Dist., 29 Mass. App. Ct. 671, 675 (1991).
[T]he public right doctrine has always been limited to the enforcement of clear and unequivocal duties.” Perella, supra, at 540. The duty at issue must be something other than a general obligation to obey the law. “[A]lthough officials ‘are obligated to obey the law, ... that obligation, without more, is not a sufficient ground for action by persons who are not injured.’ ” Id., quoting Kaplan, 333 Mass. at 460–461.
The public right doctrine must be “construed narrowly.” Perella, supra. It “cannot be invoked for broad purposes, such as to challenge [or defend] the substantive constitutionality of a statute” or legislative rule. Id.; accord, e.g., Anzalone v. Administrative Office of the Trial Court, 457 Mass. 647, 649, 654-655 (2010); Tax Equity Alliance of Mass., 423 Mass. at 714–715.
The doctrine is therefore not implicated here, as it does not permit Mr. Lyons to challenge the validity of House Rule 85A or defend the constitutionality of the statutory amendment approved by the voters without showing that he has legal standing.
ORDER
The Attorney General’s motion to dismiss is allowed. Final judgment shall enter dismissing this action without prejudice as to all Defendants.
/s/Kenneth W. Salinger
Justice of the Superior Court
March 31, 2025